***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction. He is currently housed at Albemarle County Correctional Institution.
2. Plaintiff alleges that on or about June 5, 1999, when he was transferred from Pender County to Pasquotank, correctional officers improperly confiscated and later destroyed a watch he had in his possession. Plaintiff was particularly upset because he testified this watch had been given to him by his wife in 1994 prior to her death, and that he could not replace it.
3. The Department of Correction policy, which became effective in 1999, prohibits inmates from keeping in their possession any watch except an inexpensive one purchased from the prison canteen. Any other watch is considered contraband and will be confiscated.
4. At the time of the Plaintiff's transfer to Pasquotank, the gold-colored watch in question did not qualify as property he could keep in his possession. Therefore, as Sgt. Craig testified, the watch was confiscated. Plaintiff was given a chance to send the watch to a friend or family member. He was asked to give staff an address for someone to whom the watch could be mailed, but he refused to provide this information. After about four days, since Plaintiff refused to provide the address of a relative or friend to receive the watch, it was destroyed as contraband, in accordance with the Department's policy.
5. There is no evidence that the officers improperly seized the Plaintiff's watch. The evidence shows that it was considered contraband under the Department's new policy, in effect at the time. When the Plaintiff refused to give staff an address for someone to whom they could send his watch, it was destroyed, also in accord with policy.
 ***********
Based upon the foregoing findings of fact, the undersigned enters the following
 CONCLUSION OF LAW
1. Plaintiff has failed to prove that any of the correctional staff were negligent on the date in question in seizing and subsequently destroying the watch in question or any other personal property considered contraband. He has failed to establish that he has suffered any loss of personal property, which would entitle him to recover damages under the Tort Claims Act. Therefore, Plaintiff's claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the undersigned enters the following
 ORDER
1. IT IS HEREBY ORDERED that the Plaintiff's claim is Denied.
This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN